IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY NEAL STOCKMAN, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0527-WS-B |
| | ) |
| SAFFORD TRADING COMPANY LLC, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

### ORDER

This matter is before the Court on the plaintiffs' motion to remand. (Doc. 7). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 7, 12, 13), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted.

### BACKGROUND

Plaintiff Roy Neal Stockman ("Roy") filed suit in state court against Safford Trading Company LLC ("Safford"), and various fictitious defendants, in December 2020. According to the complaint, (Doc. 1-2), Roy had purchased a zero turn radius ("ZTR") riding lawnmower from Safford, a dealer in Dallas County, Alabama. The mower was sold to Roy without a rollover protection system ("ROPS"). In June 2019, Roy was injured when the mower overturned and pinned him underneath, causing brain, back, and leg injuries. The complaint asserted claims for breach of warranty, negligence, and wantonness.

In February 2021, Husqvarna Consumer Outdoor Products, N.A., Inc. and Husqvarna Professional Products, Inc. (collectively, "Husqvarna") filed a motion to intervene, identifying themselves as having, in part, designed, manufactured, advertised, sold, and placed in commerce the subject mower. (Doc. 1-6 at 8-11). The motion was

granted without opposition in April 2021. (*Id*. at 67). Roy and his wife thereafter filed an amended complaint adding the Husqvarna defendants. (Doc. 1-7 at 3-20; Doc. 7-5). The amended complaint retained the claims previously asserted against Safford and added a claim under the Alabama Extended Manufacturer's Liability Doctrine, as well as claims of negligence and wantonness, against Husqvarna.

On November 16, 2021, Husqvarna took the plaintiffs' depositions. On December 3, 2021, Husqvarna removed this action to federal court, basing subject matter jurisdiction on diversity of citizenship. Husqvarna[1] asserts that the plaintiffs and Safford are all Alabama citizens but that Safford was fraudulently joined, a proposition the plaintiffs deny.[2]

## DISCUSSION

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Travaglio v. American Express Co*., 735 F.3d 1266, 1268 (11th Cir. 2013) (internal quotes omitted). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir. 1998). While the exception is recognized in several situations, the one invoked by Husqvarna applies "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id*. "To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that … there is no possibility the plaintiff can establish a cause of action against the resident defendant …." *Stillwell v. Allstate Insurance Co*., 663 F.3d 1329, 1332 (11th Cir. 2011) (internal quotes omitted). This is a "heavy burden." *Id*.

---

[1] Although Safford purportedly consents to removal, (Doc. 1 at 2-3), it has not joined in or adopted Husqvarna's briefing, nor submitted any of its own.

[2] The plaintiffs further argue the removal is untimely. Because the Court resolves their motion on jurisdictional grounds, it does not reach the procedural argument.

There are several situations in which a defendant may meet its burden, including at least the following:  (1) when state law precludes, or does not recognize, the asserted cause of action under the circumstances alleged;[3] (2) when the asserted cause of action is recognized but has been fatally mispleaded under state law;[4] and (3) when the asserted cause of action is recognized, and has been adequately pleaded, but evidence presented to the Court demonstrates that the plaintiff cannot establish its elements.[5]

When considering the legal viability of an asserted cause of action, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Stillwell*, 663 F.3d at 1333 (internal quotes omitted).  This is a "lax" standard.  *Id*. at 1332-33.  "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."  *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007).

When considering the adequacy of the pleading of a recognized cause of action, "we must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court."  *Stillwell*, 663 F.3d at 1334; *accord Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006) ("Our task is not to gauge the sufficiency of the pleadings in this case.  Our inquiry is more basic:  we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient to invoke" an Alabama statutory tolling provision).

When considering whether a plaintiff can establish a recognized, well-pleaded cause of action, "[i]n addition to the plaintiff's pleadings, the court may consider

---

[3] *E.g., Florence v. Crescent Resources, LLC*, 484 F.3d 1296-98 (11th Cir. 2007).

[4] *E.g., Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006).

[5] *E.g., Legg v. Wyeth*, 428 F.3d 1317, 1323-25 (11th Cir. 2005).

3

affidavits and deposition transcripts submitted by the parties." *Stillwell*, 663 F.3d at 1333 n.1.  In such an event, "[t]he proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment," and "the district court must resolve all questions of fact … in favor of the plaintiff." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (internal quotes omitted).  When a defendant asserts, based on submitted evidence, that the plaintiff cannot establish a recognized, well-pleaded cause of action against the resident defendant, "[t]he potential for legal liability must be reasonable, not merely theoretical." *Id*. at 1324, 1325 n.5 (internal quotes omitted); *Nelson v. Whirlpool Corp*., 668 F. Supp. 2d 1368, 1382 (S.D. Ala. 2009).

### A.  Recognized Cause of Action.

As relevant to the plaintiffs' negligence and wantonness claims against Safford, the amended complaint alleges as follows:  the mower was sold without a ROPS; Roy was using the mower as intended and in a manner reasonably foreseeable to Safford; Safford had a duty to Roy not to place the mower into commerce without a ROPS; and Safford was negligent "in that [it] knew or should have known that the zero turn mower was unreasonably dangerous" without a ROPS.  (Doc. 7-5 at 10, 13-14).

By statute, Alabama generally prohibits product liability actions against a distributor of a product.  Ala. Code § 6-5-521(b)(1)-(3).  Certain claims, however, are not precluded:

> It is the intent of this subsection to protect distributors who are merely conduits of a product.  This subsection is not intended to protect distributors from independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud.

*Id*. § 6-5-521(b)(4).  The Alabama appellate courts appear never to have construed the scope of this provision, in particular the phrases "merely conduits" and "independent acts unrelated to the product design or manufacture."  Husqvarna does not argue otherwise.  Given the vagueness of the statutory language and the absence of definitive judicial

4

construction, numerous Alabama federal courts – including this Court – have concluded that Section 6-5-521(b) leaves open the possibility of a claim against a seller for negligently selling a product which the seller knows or should know is unreasonably dangerous.[6]

The amended complaint also asserts a claim for breach of implied warranties of merchantability and of fitness for a particular purpose. (Doc. 7-5 at 11-12). This Court has previously ruled that there is a possibility the Alabama courts would hold that Section 6-5-521(b)(4) permits such a cause of action. *Robinson v. Invacare Corp.*, 2013 WL 5567084 at *1-2 (S.D. Ala. 2013).

The burden is on Husqvarna to establish by clear and convincing evidence that Alabama law precludes the causes of action asserted against Safford. Husqvarna, however, advances no argument that Section 6-5-521(b) precludes the foregoing claims.[7]

---

[6] *See Vinson v. Extreme Products Group, LLC*, 2020 WL 6562362 at *3-4 (N.D. Ala. 2020) (Maze, D.J.) ("If the [plaintiffs] can prove that [the seller] knew that the [product] was dangerous or lacked known safety features, there is at least a possibility that a state court would find that the complaint states a cause of action under" Section 6-5-521(b)(4)); *McCall v. Toro Co.*, 2020 WL 2115648 at *3-4 (S.D. Ala. 2020) (Cassady, M.J.) (recognizing potential "liability against [the seller] for selling a product that it knew or should have known to be dangerous"), *report and recommendation adopted over objection*, 2020 WL 2114365 (S.D. Ala. 2020) (DuBose, C.J.); *Waits v. Kubota Tractor Corp.*, 2019 WL 4917903 at *4 (N.D. Ala. 2019) (Coogler, D.J.) (recognizing potential liability when it was alleged that the sellers "knew or should have known that the tractor was dangerous, and that they sold the tractor without warning of those dangers"); *Zirlott v. DiscountRamps.com, LLC*, 2019 WL 2866844 at *4 (S.D. Ala. 2019) (Steele, D.J.) ("Section 6-5-521(b)(4) may permit a claim against a retailer for selling a product it knows or should know is unreasonably dangerous …"); *Barnes v. General Motors, LLC*, 2014 WL 2999188 at *3 (N.D. Ala. 2014) (Kallon, D.J.) ("[I]t is plausible that the drafters of [Section 6-5-521] did not intend for it to immunize sellers who deliberately choose to sell dangerous products to unwary consumers …."); *Lazenby v. ExMark Manufacturing Co.*, 2012 WL 3231331 at *3 (M.D. Ala. 2012) (Watkins, C.J.) ("The decision to stock and sell a product that was known to be likely or probable to cause injury could constitute an independent act of wantonness ….").

[7] Husqvarna addresses only the claims of negligent and wanton inspection. (Doc. 12 at 8). Even here, Husqvarna says only that such a claim is "questionable," which is facially insufficient to demonstrate by clear and convincing evidence that there is "no possibility" that Section 6-5-521(b) permits such a cause of action.

Based on the cited authorities and their rationale, the Court would reject any such argument had it been raised.

### B. Adequately Pleaded Cause of Action.

Husqvarna does not assert that any of the foregoing causes of action are inadequately pleaded. It does, however, argue that a "failure to warn" claim suggested by the plaintiff's brief, (Doc. 7 at 2, 5, 14, 20), is not pleaded in the amended complaint. (Doc. 12 at 10, 12).[8] Husqvarna announces this as a mere conclusion, without any reference to, or analysis of, the Alabama pleading rules by which the adequacy of the amended complaint must be judged. It has therefore failed to demonstrate by clear and convincing evidence that there is no possibility an Alabama court could find such a claim to be adequately pleaded.[9]

### C. Ability to Establish Cause of Action.

Husqvarna's primary argument in support of fraudulent joinder is that the plaintiffs have "admitted" their claims do not fall within the "independent acts" safe harbor of Section 6-5-521(b)(4). The argument depends on the following deposition testimony:

> Q. Can you identify anything that you believe Safford did wrong besides sell you the ZTR that Husqvarna designed, manufactured and tested?
>
> A. No.

---

[8] Husqvarna does not argue that Alabama law definitively precludes such a cause of action. In light of the cases cited in note 6, *supra*, any such argument would be futile.

[9] Because, as demonstrated by the cases cited in note 6, *supra*, it is possible that Alabama law permits a cause of action against a distributor for negligently selling a product the distributor knows or should know to be unreasonably dangerous, it is irrelevant to the proper resolution of the instant motion whether the plaintiffs have adequately pleaded a related claim for negligently failing to warn the plaintiffs regarding a product the distributor knew or should have known to be unreasonably dangerous.

(Doc. 1-1 at 7). According to Husqvarna, Roy: "thus admitted he has never had any factual basis for his lawsuit against Safford"; "admitted … that he had no independent claims against Safford"; "admit[ted]" that his claim "does not fall under any of the statutory exceptions for liability"; "admitted under oath that Plaintiffs could not identify any independent basis for a claim against Safford"; "confirmed that … his claims against Safford are based expressly on the design and manufacture of the ZTR and not any independent act of Safford"; "admitted that he had no basis to sue Safford"; and made "irrebuttable admissions that [the plaintiffs] do not believe Safford did anything wrong." (Doc. 1 at 2, 4; Doc. 12 at 2, 4, 6, 8). The Court cannot agree.

      Husqvarna's position is colorable only if the question posed by defense counsel unambiguously limited the term "sell" strictly to the financial transaction itself and unambiguously excluded all circumstances surrounding the sale – including Safford's alleged implied warranties and its alleged knowledge, actual or constructive, that the mower was unreasonably dangerous without a ROPS. Husqvarna, however, makes no effort to show that its construction is the only – or even most – reasonable one. Given the amended complaint's express allegations regarding warranties and negligent sale based on Safford's actual or constructive knowledge the mower was unreasonably dangerous, counsel's vague question is more reasonably understood as asking only whether the plaintiffs claim any wrongdoing by Safford unrelated to the sale of the mower.

      This reading of the question is bolstered by the exchange immediately preceding the one on which Husqvarna relies:

    Q.    Are you contending that the folks at Safford did anything wrong?
    [interjection by plaintiffs' counsel]
    A.    You'll have to ask [plaintiffs' counsel] that.

(Doc. 1-1 at 7). With defense counsel having just been informed that only plaintiffs' counsel could address the parameters of the plaintiffs' claims against Safford, the most reasonable construction of the question on which Husqvarna relies is that it sought only to discover or rule out any claims unrelated to the sale of the mower.

The Court therefore cannot read the cited testimony as an admission that the plaintiffs do not claim, or cannot prove, that Safford breached implied warranties and/or negligently sold the mower with knowledge it was unreasonably dangerous. Husqvarna identifies no precedent or principle under either federal or Alabama law that could require a different conclusion.

Husqvarna also cites deposition excerpts for the proposition that Roy, who had experience with Husqvarna and other ZTR mowers, both with and without ROPS, knew that some Husqvarna models carried by Safford had ROPS but made the decision, without speaking to anyone at Safford, to buy a model lacking a ROPS. (Doc. 12 at 2-4, 8-9). Husqvarna does not, however, explain how these circumstances eliminate any reasonable potential for legal liability under each (or any) of the plaintiff's asserted causes of action.[10] Because the burden is on Husqvarna to do so, this silence is fatal.

## CONCLUSION

Husqvarna has failed to carry its burden of showing, by clear and convincing evidence, that Safford was fraudulently joined. Safford's citizenship therefore precludes diversity jurisdiction. For the reasons set forth above, the plaintiffs' motion to remand is **granted**, and this action is **remanded** to the Circuit Court of Dallas County.

DONE and ORDERED this 14th day of February, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[10] For example, and as addressed in Part A, it is possible that Alabama recognizes a negligence claim against a distributor for selling a product it knows or should know is unreasonably dangerous. Given such a cause of action, it is not immediately apparent how a consumer's self-reliant purchase could absolve the distributor of liability, and Husqvarna engages in no discussion of Alabama law in an effort to bridge the gap. Nor does Husqvarna address the plaintiff's testimony that: he did not know, and was not told, that he could buy a ROPS as an optional add-on; that he did not know, and was not told, of the dangers of using a ZTR mower without a ROPS; and that he would have purchased a ROPS had he known it was available and would make the mower safer. (Doc. 7-4).